

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

**COURTESY COPY**

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

ANDREW M. CUOMO
ATTORNEY GENERAL

**MEMO ENDORSED**

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

*Writer's Direct Dial:*
*(212) 416-8568*

September 19, 2007

The Honorable George A. Yanthis
United States Magistrate Judge
United States Courthouse
300 Quarropas Street
White Plains, New York 10601

    Re:    *Heitzner v. Gibson*, 07-CV-6699 (KMK) (GAY)

Dear Judge Yanthis:

    The Attorney General represents the defendants in this action—the State of New York, the New York State Division of Human Rights (the Division), and its Commissioner, Kumiki Gibson. Seeking dismissal of the complaint under Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure, we write pursuant to Your Honor's individual rules to request a pre-motion conference. This letter is defendants' timely response to the complaint.

***Background***

    In July 2002, then-Governor George E. Pataki appointed plaintiff to serve as the Division's Deputy Commissioner for Regional Affairs. Four years later, Eliot Spitzer was elected Governor, and over the next few months, he appointed new commissioners to serve in his administration. He appointed Kumiki Gibson, a woman of African-American and Japanese descent, to head the Division effective January 1, 2007, and the Senate unanimously confirmed her.

    Even though plaintiff was a holdover appointee in a top policy-making job—she was Deputy Commissioner for Regional Affairs—the Commissioner gave her an opportunity to demonstrate that she was committed to contributing effectively to the Division's work under the new Governor and Commissioner. She failed to do so, however, and agreed to resign under mutually acceptable terms on a mutually acceptable date. Despite this agreement, and the fact that plaintiff was a political appointee, terminable at will, plaintiff filed a charge with the U.S. Equal Employment Opportunity Commission (EEOC) accusing the Division of race, color, and age discrimination, and her lawyer publicized this filing. (Cplt. ¶ 7.) In July, without waiting for the EEOC, plaintiff filed this action.

Hon. George A. Yanthis
Sept. 19, 2007
Page 2

According to the complaint, the Commissioner, a "person of color," terminated plaintiff, a 60 year old "female Caucasian" (Cplt. ¶ 3), as part of the Commissioner's "race and age-related hiring policy," under which she has "consistently hired young Caucasian males who are self-proclaimed . . . homosexuals." (Cplt. ¶ 8.) The Commissioner allegedly announced this policy during a conference call in which she purportedly told her staff that she wanted to hire "young" and "energetic" people and to "diversify" the Division's "workplace." (Cplt. ¶¶ 6, 8.) Specifically, plaintiff asserts a retaliation claim under Title VII of the Civil Rights Act against the State and the Division, claiming that she was denied unemployment benefits after defendants (allegedly angry that she had filed her EEOC charge) falsely report[ed]" to the Department of Labor that she was fired for misconduct and so was ineligible. (Cplt. ¶¶ 2, 11-12.) Against the Commissioner individually, plaintiff asserts a claim under 42 U.S.C. § 1981, for "reverse discriminatory conduct," and an equal protection claim under 42 U.S.C. § 1983. (Cplt. ¶¶ 13-16.) Plaintiff also asserts a claim that the Commissioner's allegedly "retaliatory conduct" violated plaintiff's First Amendment rights "on a third-party standing basis." (Cplt. ¶ 18.) All of these claims should be dismissed.

***Legal basis for the Motion to Dismiss the Complaint***

Dismissal of plaintiff's Title VII retaliation claim is required for several reasons. To begin with, this Court lacks jurisdiction because plaintiff has failed to exhaust her administrative remedies. Her EEOC charge is limited to race, color, and age discrimination; it includes no retaliation claim. And even if her charge *had* contained a retaliation claim, it is far from exhausted: the EEOC has not yet issued a right to sue letter, and plaintiff filed her EEOC charge less than 180 days before filing her complaint. See *Legnani v. Alitalia Linee Aeree Italiane, S.P.A*, 274 F.3d 683, 686 (2d Cir. 2001).

Moreover, even if this Court *could* hear plaintiff's Title VII retaliation claim, it fails as a matter of law for three reasons. First, plaintiff was a political appointee who served at the Governor's pleasure in a high-level policy-making position, and such persons are expressly exempt from Title VII protection. 42 U.S.C. § 2000e(f). Second, even if the Division had told the Department of Labor that it fired plaintiff for misconduct (which it did not), opposing a former employee's application for unemployment benefits is *not* an adverse employment action. See *Roman v. Cornell Univ.*, 53 F. Supp. 2d 223, 245 (N.D.N.Y. 1999); *Sergilus v. Covenant House Under 21*, 1999 U.S. Dist. LEXIS 14254, at *10-11 (S.D.N.Y. 1999). Third, even if plaintiff could maintain this claim (which she cannot), it would fail because the Department of Labor, in fact, determined that she *is* eligible for unemployment benefits, which she began receiving in mid-March and continues to receive. See *Khan v. United Recovery Sys., Inc.*, 2005 U.S. Dist. LEXIS 4980, at *36-38 (S.D. Tex. Feb. 28, 2005) (holding that an employer's action that lacks consequence cannot be an adverse employment action).

Plaintiff's § 1981 claim is equally flawed. Insofar as plaintiff purports to state a race-based claim, her complaint's own allegations defeat it. She alleges that the Commissioner implemented an anti-white policy by hiring white males. (Cplt. ¶ 8.) That plainly does not state a claim that the Commissioner discriminates against whites. And the Commissioner's alleged general remarks during the conference call, which consisted solely of a reference to workplace diversity (a widely recognized societal goal), is not a sufficient basis for a "plausible" claim that the Commissioner fired plaintiff because she is white. See *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 974

Hon. George A. Yanthis
Sept. 19, 2007
Page 3

(2007) (complaint should be dismissed for failure to state a claim unless it alleges "enough facts to state a claim to relief that is plausible on its face" and noting that allegations that are "merely conclusory, unwarranted deductions of fact, or unreasonable inferences" do not suffice).

Plaintiff's claim under § 1983 for an alleged equal protection violation must also be dismissed. To the extent that it is based on race discrimination it fails for the same reasons as her § 1981 claim. See Butts v. New York City Dep't of Hous. Pres. & Dev., 2007 U.S. Dist. LEXIS 6534, at *24 n.10 (S.D.N.Y. Jan. 29, 2007) (holding that discrimination claims under § 1983 are "assessed pursuant to standards similar to those applicable to Title VII claims").

To the extent that plaintiff is attempting to assert a § 1983 claim for age discrimination, that claim also fails as a matter of law. The Age Discrimination in Employment Act (ADEA) is the exclusive federal remedy for claims of age discrimination in employment, see Zombro v. Baltimore City Police Dep't, 868 F.2d 1364 (4th Cir.), cert. denied, 439 U.S. 850 (1989), and plaintiff cannot pursue an ADEA claim against the State defendants, see McGinty v. New York, 251 F.3d 84, 92 (2d Cir. 2001), or the Commissioner. See Martin v. Chemical Bank, 1997 U.S. App. LEXIS 32022, at *8-9 (2d Cir. 1997).

Plaintiff's confusing claim under § 1983 for an alleged violation of her First Amendment rights, purportedly based on "third-party standing," fails because, as noted earlier, the alleged retaliation—opposing plaintiff's unemployment benefits application—is *not* an adverse employment action. And if plaintiff purports to assert a First Amendment right on behalf of a former co-worker (who has filed her own similar federal lawsuit), she lacks standing to do so.

Finally, the claims against the Commissioner should be dismissed for an additional reason: Because it was objectively reasonable for the Commissioner to believe that she was violating no clearly established constitutional right, she is immune as a matter of law. See Johnson v. Newburgh Enlarged Sch. Dist., 239 F.3d 246, 250 (2d Cir. 2001).

\*   \*   \*

In sum, plaintiff's complaint pleads no legally cognizable claim under Title VII, § 1981, or § 1983, and this Court should dismiss it. Accordingly, defendants request a pre-motion conference at the Court's convenience.

Respectfully submitted,

Peter Sistrom
Assistant Attorney General

Cc: Jonathan Lovett, Esq.

*[Handwritten note:]* The Court will hold a pre-motion conference on November 15, 2007, at 11:00. Defendants' time to answer is stayed until then. Defendants are to provide a copy of this memo endorsed letter to Plaintiff expeditiously.

SO ORDERED
KENNETH M. KARAS U.S.D.J.
10/1/07

120 Broadway, New York, N.Y. 10271-0332 • Phone (212) 416-8610 • Fax (212) 416-6075 • Not For Service of Papers
http://www.oag.state.ny.us