

DEC 1 2007

**MEMO ENDORSED**



STATE OF NEW YORK

OFFICE OF THE ATTORNEY GENERAL

ANDREW M. CUOMO
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

Writer's Direct Dial:
(212) 416-8568

December 13, 2007

The Honorable Kenneth M. Karas
United States Courthouse
300 Quarropas Street, Chambers 533
White Plains, New York 10601-4150

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

    Re:    *Heitzner v. Gibson*, 07-CV-6699 (KMK) (GAY)

Dear Judge Karas:

    The Attorney General represents the defendant, the Commissioner of the New York State Division of Human Rights (the Division), Kumiki Gibson, sued only in her individual capacity. At last month's conference on the Commissioner's proposed motion to dismiss the First Amended Complaint, Your Honor directed plaintiff to once again amend her complaint, which she has.[1] The Commissioner believes that, just like its two predecessors, the Second Amended Complaint fails to state a claim, so we write respectfully to seek a pre-motion conference.

*Background*

    In July 2002, then-Governor George E. Pataki appointed plaintiff to serve as the Division's Deputy Commissioner for Regional Affairs. Last year, Eliot Spitzer was elected Governor, and he appointed Commissioner Gibson, a woman of African-American and Japanese descent, to head the Division.

    Plaintiff conceded at the prior pre-motion conference that since she was a holdover appointee in a top policy-making job, the Commissioner could have dismissed her summarily, but did not do so. In fact, plaintiff was given a full opportunity to demonstrate that she would contribute effectively to the Division's work under Commissioner Gibson, but she failed to do, and agreed to resign in late February.

---

[1] Although plaintiff's counsel apparently filed the Second Amended Complaint electronically on November 20, we were not notified until Monday, November 26, because the Court's ECF system was shut down.

120 Broadway, New York, N.Y. 10271-0332 ● Phone (212) 416-8610 ● Fax (212) 416-6075 • Not For Service of Papers
http://www.oag.state.ny.us

Hon. Kenneth M. Karas
Page 2

According to the Second Amended Complaint, the Commissioner, a "person of color," terminated plaintiff, a 63 year old "female Caucasian" (Second Amend. Cplt. ¶ 3), during a conference call in early February (a month after she took office) in which the Commissioner purportedly told her staff that she wanted to hire "young" and "energetic" people and to "diversify" the Division's "workplace," and also announced plaintiff's departure from the Division. (*Id.* ¶ 5.) Against the Commissioner individually, plaintiff asserts a claim under 42 U.S.C. § 1981, for "reverse discriminatory conduct" (*id.* ¶¶ 9-10), and an equal protection claim under 42 U.S.C. § 1983. (*Id.* ¶¶ 11-12.) Although pleaded separately, both claims allege that the Commissioner discriminated against plaintiff solely because of her race (*not*, as plaintiff's counsel conceded at last month's conference, her age, gender, or sexual orientation). Both claims should be dismissed for failure to state a claim.[2]

*Legal basis for the motion to dismiss*

Plaintiff's § 1981 claim must be dismissed because it may be asserted only through § 1983. *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 735 (1989) ("the express 'action at law' provided by § 1983 for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws,' provides the *exclusive* federal damages remedy for the violation of rights guaranteed by § 1981 when the claim is pressed against a state actor"); *Patterson v. County of Oneida*, 375 F.3d 206, 225 (2d Cir. 2004); *Anderson v. Conboy*, 156 F.3d 167, 176 n.17 (2d Cir. 1998). The analysis of these claims is the same, and plaintiff's § 1981 claim fails for the same reasons as does her § 1983 claim.

Dismissal of plaintiff's § 1983 claim is required for two reasons. First, the Second Amended Complaint fails to plead "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). *Bell Atlantic* imposes a "flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible". *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007). One of those "contexts" where "amplification" with "some factual allegations" is needed the "render the claim plausible" is where, as here, a plaintiff alleges a conclusory claim against a government official entitled to qualified immunity. *Id.* at 158. Because government officials such as the Commissioner must be allowed to carry out their "public roles effectively without fear of undue harassment by litigation," the Second Circuit requires that complaints against them must at a minimum meet *Bell Atlantic*'s plausibility standard. *Id.* Indeed, in *Iqbal*, the Second Circuit noted that to survive a motion to dismiss, a "conclusory allegation" against a government official "might need to be fleshed out" by a more definite statement pursuant to Federal Rule of Civil Procedure 12(f). *Id.* See also *Crawford-El v. Britton*, 523 U.S. 574, 597-98 (1998).

---

[2] Under Federal Rule of Civil Procedure 12(f), we also seek to strike as immaterial the allegations concerning plaintiff's unemployment insurance benefits. Second Amend. Cplt. ¶¶ 2, 7. These allegations relate solely to the Title VII retaliation claim plaintiff alleged in her original complaint, but withdrew in her First Amended Complaint, and does not assert here. Plaintiff's only claim—so her counsel confirmed at last month's conference—is for race discrimination; the allegations about unemployment insurance benefits have nothing to do with that claim.

Hon. Kenneth M. Karas
Page 3

Although recognizing that employment discrimination claims (at least those asserted against non-governmental defendants not entitled to qualified immunity) need not satisfy a formal heightened pleading standard, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002), the Second Circuit just two weeks ago held that they must be dismissed if they fail to satisfy *Bell Atlantic*'s "flexible plausibility standard." *See Patane v. Clark,* 2007 U.S. App. LEXIS 27391, at *10 (2d Cir. Nov. 28, 2007) (affirming dismissal of plaintiff's gender-based discrimination claim that "did not set forth any factual circumstances from which a gender-based motivation for the [allegedly adverse employment action] might be inferred").[3]

Plaintiff alleges just three facts: she is white; the Commissioner is a "person of color"; and the new Commissioner once said she wanted to "diversify" the Division's workplace. Notably, plaintiff alleges no facts about who replaced her, if anyone. Taken together, these bare facts do not plausibly support an inference that the Commissioner ousted plaintiff—a holdover appointee in a top policy-making job—because she was white. They do not "nudge[]" plaintiff's race-discrimination claim "across the line from conceivable to plausible," *Bell Atlantic*, 127 S. Ct. at 1974, because they do not "set forth any factual circumstances" from which it can be inferred that the Commissioner acted with an improper race-based motivation. *Patane v. Clark,* 2007 U.S. App. LEXIS 27391, at *10.

Second, even if this Court were to find that plaintiff has stated a plausible § 1983 employment discrimination claim as a matter of fact, it fails as a matter of law. Her § 1983 claim is subject to the same standards as a Title VII claim, *Demoret v. Zegarelli*, 451 F.3d 140, 149 (2d Cir. 2006); *Butts v. N.Y. City Dep't of Hous. Preservation & Dev.*, 2007 U.S. Dist. LEXIS 6534, at *77 (S.D.N.Y. Jan. 29, 2007) (Karas, J.). As we showed in our earlier pre-motion letter, plaintiff concededly was a policy-maker appointed by the Governor, and therefore was expressly exempt from Title VII protection. 42 U.S.C. § 2000e(f). Since plaintiff could not sue the Division for employment discrimination under Title VII, neither can she sue the Commissioner under § 1983.

In sum, the Second Amended Complaint fails to state a claim, and this Court should dismiss it. Accordingly, the Commissioner requests a pre-motion conference at the Court's convenience.

---

[3] District judges in this Circuit have reached similar conclusions. *See, e.g., Watts v. Services for the Underserved*, 2007 U.S. Dist. LEXIS 41209, at **10-11 (E.D.N.Y. June 6, 2007) (dismissing pro se plaintiff's "conclusory and wholly unsupported" employment discrimination claim because it failed to "allege even one fact tending to show" that [her employer] took her religion or color into account"); *Jones v. Consumer Info. Dispute Resolution*, 2007 U.S. Dist. LEXIS 60241, at **6-7 (S.D.N.Y. Aug. 16, 2007) (dismissing pro se claim that contained "no evidence which, if believed, would support an inference of discrimination that would give the Defendants fair notice of his claims and the factual grounds upon which they rest"); *Reyes v. The City Univ. of New York*, 2007 U.S. Dist. LEXIS 55101, at *13 (S.D.N.Y. July 26, 2007) (dismissing Title VII retaliation claim because he "pleads no fact that would tend to support a finding of retaliatory animus directed against him").

Hon. Kenneth M. Karas
Page 4

Respectfully submitted,

Peter Sistrom
Assistant Attorney General

Cc: Drita Nicaj, Esq.

The Court will hold a pre-motion conference on January 23, 2008, at 9:30

SO ORDERED

KENNETH M. KARAS U.S.D.J.
12/19/07